Avery, J.
By a law of the state, (Swan’s Statute 283, section 12,) if any child of a parent who has died intestate, shall have received from the intestate in his lifetime, any real estate by way of advancement, the value of such real estate, at the time of such advancement, shall be considered a part of his .share on partition, unless such value shall be greater than his share; and then, such advancement shall be considered as his full share, and the estate shall be equally divided amongst the •other heirs of the intestate.
The law of the state divides the inheritance amongst the •children and heirs of a deceased parent so fully in accordance with the general sense of what is just, that the great body of the men who have property to leave behind them, are content to let the law make the distribution amongst their children; And hence, estates are continually passing into the hands of ■heirs by the operation of law. To secure the perfect equality which, unless for some special reasons, parents generally desire, •the foregoing provision respecting advancements was introduced into the law; and the justice and propriety of it will not be denied. The same sense of equity which declares that a •child who has received his portion, by way of advancement, in a farm, shall not come in with the other children, to take a .share in the remainder of the estate, requires the application of the laAV to advancements of personal property. The bill in the •case before us claims that such is the existing law, and asks a •distribution of the assets in conformity with that principle ; and the only question we have to decide is, whether the present law extends to advancements of personal property.
The 10 th section of the statute above referred to, declares ■that, if any person shall die intestate, leaving any goods, chattels, or other personal estate, such goods, etc., shall be distributed agreeably to the foregoing course prescribed for the descent of estates, which came not to the intestate by descent. *361 devise or gift. It will be observed that there is, in the statute* a provision, in so many words, upon the subject of advancement as to lands; but none is found there as to personal property. If the 10th section, relating to the distribution of personal estate, had followed that which relates to advancements of land, it would admit of plausible argument, that advancements as to personal estate, also, were intended to be embraced in the law. But to the act as it appears, and especially with the several sections arranged in the order in which they are found, we are not able to give the construction which is desired. We are unable, indeed, to discover any sufficient reason for the distinction made in the case. Other states of the Union, at least many of them, have not made it, and we suppose it has happened here without design. As it is, however, by the construction which we are obliged to give to the law, advancements of personal estate cannot be noticed; and, consequently, cases will not unfrequently arise, where, against the apparent intention of the intestate, his children must share very unequally in his property, and sometimes, for the very reason that one species of property has been made the subject of advancement. As, for instance, where a child has received land, he is compelled, in effect, to surrender it up, before he can claim any further share in the estate; whilst other children of the same parent, to whom personal estate has been advanced, equal to it in value, may retain the amount, and still claim a full share in the remainder of the estate. \
To avoid the inequality which would be inevitable without any law on the subject, as to personal property, and which, in some instances, would result from a law confining advancements to land, we should be satisfied, if the rules of interpretation would permit us to extend it also to personal estate. But as it is, the complainant can have no remedy in our courts, for the evil supposed to exist, according to the statements of hia bill.

The hill is dismissed.